# IN THE COURT OF APPEALS OF IOWA

No. 23-1327
Filed November 8, 2023

**IN THE INTEREST OF D.H. and T.B.,**
**Minor Children,**

**D.H., Father,**
    Appellant,

**A.B., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Boone County, James B. Malloy, District Associate Judge.

A mother and father separately appeal from the termination of their parental rights to their children. **AFFIRMED ON BOTH APPEALS.**

Arielle M. Lipman of Lipman Law Firm, P.C., West Des Moines, for appellant father.

Kelsey Knight of Carr Law Firm, P.L.C., Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Nathan D. Hostetter of Hostetter Law Office, Ames, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Schumacher and Buller, JJ.

**BOWER, Chief Judge.**

A mother and father separately appeal the termination of their parental rights to their children. The mother appeals the termination of her parental rights to D.H., born in 2013, and T.B., born in 2008. The father appeals the termination of his parental rights to D.H. We affirm on both appeals.

## I.  Background Facts and Proceedings

The children were first removed from the mother's and father's custody in January 2022 and adjudicated children in need of assistance in March 2022. The removal occurred after execution of a search warrant revealed drug paraphernalia and drug residue in the household. The children were placed with their maternal great-grandmother.

The mother underwent a substance-abuse evaluation in April 2022 but failed to disclose her methamphetamine use, resulting in no recommended treatment. She tested positive for amphetamine and methamphetamine in March 2023. She also tested positive for amphetamine, methamphetamine, and THC in May 2023, after giving birth to another child not at issue here. The mother refused several drug tests requested by the Iowa Department of Health and Human Services (department). The mother attended inpatient treatment for her substance abuse, but she left after only four days of treatment, citing her inability to have her children placed with her, her need to take care of her dogs, and her desire to attend her sister's graduation.

The department also expressed concerns about the mother's mental health. As a result, the mother attended online therapy for some time but discontinued her

appointments by the termination hearing. She has not pursued additional treatment, despite recommendations from the department.

There were also concerns about the mother's parental judgment. In April 2023, T.B. was hospitalized after attempting suicide. T.B.'s doctors recommended inpatient mental-health treatment. Against medical advice, the mother discharged T.B. and took her to her great-grandmother's house. Her great-grandmother was asleep, and T.B. was left unsupervised. T.B. was later returned to the hospital for suicidal ideation.

The father underwent two substance-abuse evaluations, one in April 2022 and one in February 2023. The department recommended treatment, but the father failed to follow through. The department requested the father submit to seven drug tests, but he only submitted to one—he tested positive for methamphetamine.

The father also underwent a mental-health evaluation in April 2022. The provider diagnosed the father with a mental-health condition. The father was unwilling to seek treatment, so no recommendations were made.

During the pendency of these proceedings, the father failed to attend several visits with the children. During the visits he attended, the father often got into confrontations with the mother, affecting the children's mental well-being.

The termination hearing was held on May 26, 2023. The district court heard testimony from the social work case manager, the social work supervisor, the great-grandmother, and the mother. On August 14, 2023, the district court terminated the mother's and father's parental rights under Iowa Code section 232.116(g) and (h) (2023).

## II. Standard of Review

We review de novo the termination of parental rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We give weight to, but are not bound by, the district court's fact findings. *Id.*

## III. Analysis

When reviewing termination of parental rights, we use a three-step analysis. *Id.* First, we determine whether a ground for termination exists under section 232.116(1). Next, we determine whether termination is in the best interests of the child. Iowa Code § 232.116(2). Finally, we assess whether any exceptions preclude termination. *Id.* § 232.116(3).

Because neither the mother nor father contests the existence of grounds for termination, we need not discuss the first step. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

*A. Best Interests of the Children.* Under step two of our analysis, we consider the "child[ren]'s safety, . . . the best placement for furthering the long-term nurturing and growth of the child[ren], and . . . the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (citation omitted).

The mother tested positive for methamphetamine multiple times over the past year. It is apparent she is either unable or unwilling to address her substance-abuse and mental-health issues, despite recommendations by the department.

The one time she did undergo inpatient care, she left within four days. We do not question whether she loves her children, but love is not enough to establish a safe and stable home, especially considering the emotional and medical issues her children face. Termination is in the children's best interests.

The same is true of the father. Despite repeated recommendations from the department, the father has not sought any help for his substance-abuse or mental-health issues, which the department characterize as "fairly severe." He tested positive for methamphetamine within the last year, and his failure to seek treatment emphasizes his inability to parent these children. Given these continuing concerns, it is impossible for the father to provide a stable and safe home for D.H., especially considering the child's special needs.

*B. Exceptions and Guardianship.* Once the State has proven grounds for termination exist, the burden shifts to the parent to prove a permissive exception under section 232.116(3). *A.S.*, 906 N.W.2d at 475–76. The mother and father suggest their bonds with their children and the children's objections should preclude termination. *See* Iowa Code § 232.116(3). They also argue permanency should be achieved through a guardianship with the great-grandmother.

While the children and their parents do have a bond, to apply the exception under paragraph (c) requires clear and convincing evidence "termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." *Id.* § 232.116(3)(c). Neither parent established their bond is so strong as to outweigh the children's need for permanency. *See In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021). A stable home with reliable care is essential for D.H.'s development—something neither parent is able to offer. While D.H.'s

separation from his parents will require an adjustment period, we find it is in his best interests to terminate the mother's and father's parental rights. T.B. has established self-protective qualities and will likely be able to transition to a more stable living situation. Whatever disadvantage the children may face because of termination is outweighed by the mother's and father's inability to provide for the children.

Guardianship will not provide the stability the children need. In Iowa, "a guardianship is not a legally preferable alternative to termination." *See A.S.*, 906 N.W.2d at 477 (citation omitted). The great-grandmother has shown herself to be an unsuitable guardian; she failed to ensure T.B. takes her needed medications, allowed unsupervised visits, and failed to follow court orders and department directives. The department has expressed concerns about her age and medical conditions, which preclude her from driving. Stability is paramount in the development of children, and a guardianship, which by its very nature is able to be terminated or amended, does not provide that stability.

Finally, the mother and father argue termination is improper because the children object. *See* Iowa Code § 232.116(3)(b). While the children have resisted termination, they have done so out of loyalty and love for their parents.[1] We are empathetic to the children and their wishes, but "[t]he best interests of a child is not always what 'the child wants.'" *In re A.R.*, 932 N.W.2d 588, 592 (Iowa Ct. App. 2019) (citations omitted). The record establishes that a guardianship is not the appropriate permanency option and a permissive exception should not be applied.

---

[1] We note D.H. is only nine years old, so Iowa Code section 232.116(3)(b) is inapplicable.

We affirm the termination of the mother's and father's parental rights.

**AFFIRMED ON BOTH APPEALS.**